IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.                                                    CASE NO. 5:10-cr-39-RS-GRJ

MARTIN RAMIREZ-RODRIGUEZ,

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 333, Defendant's Motion To Vacate, Set

Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255, and Doc. 344, the

Government's Motion to Dismiss the motion to vacate as time-barred.  The Government

has filed a Supplemental Response, Doc. 351, and Defendant has filed a reply in

opposition to the motion to dismiss, Doc. 357.  For the following reasons, the

undersigned recommends that the Government's motion to dismiss the motion to

vacate as time-barred be granted.

Section 2255 provides:

(a)  A prisoner in custody under sentence of a court established by Act of
Congress claiming the right to be released upon the ground that the sentence
was imposed in violation of the Constitution or laws of the United States, or that
the court was without jurisdiction to impose such sentence, or that the sentence
was in excess of the maximum authorized by law, or is otherwise subject to
collateral attack, may move the court which imposed the sentence to vacate, set
aside or correct the sentence.

28 U.S.C. § 2255(a).  "A 1-year period of limitation shall apply to a motion under this

section."  *Id*. at § 2255(f).  The one-year limitations period runs from the latest of:

(1)      the date on which the judgment of conviction becomes final;

(2)      the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Further, "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir.2004) (movant bears burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254 case).

The judgment of conviction in this case was entered on November 10, 2010. Doc. 240.  Defendant did not appeal.  For purposes of the limitations period, Defendant's conviction became final when the 14-day period for filing an appeal elapsed on November 24, 2010.  *See* Fed. R. App. P. 4(b)(1)(a), 26(a)(2) (2010). The limitations period expired one year later, on November 25, 2011.

The instant motion to vacate was filed on February 27, 2012, beyond the one-year limitations period.  However, Petitioner executed the motion under penalty of perjury, and he avers in the motion that it was placed in the prison mailing system on October 26, 2011.  Doc. 333 at 13.  When a prisoner provides a declaration under penalty of perjury establishing that he has satisfied the requirements of the "mailbox rule" by timely providing his federal court filing to prison officials for mailing, the burden

of proof then shifts to the respondent to establish through the prison mail log or other records that the pleading was not in fact delivered in a timely manner. *See Allen v. Culliver*, 471 F.3d 1196, 1198-99.

In the Supplemental Response, the Government provides a declaration from Coleman Supervisory Correctional Systems Specialist Shereen Dunlap. Doc. 351, Exh. A. According to the declaration, inmates at FCC Coleman deliver outgoing special or legal mail directly to a staff member. The staff member confirms that the inmate delivering the mail is the same inmate reflected in the return address and then delivers it to the mail room. When staff are given special/legal mail, they note the date of receipt on the back of the envelope, and stamp it with a statement reflecting that the mail was processed through special mailing procedures. Absent extraordinary circumstances, outgoing letter mail is dispatched to the U.S. Postal Service within 24 hours of receipt by the staff member, excluding weekends and holidays. No such extraordinary circumstances occurred during the time period in question that would have delayed mail by more than a few days at most. *Id*. The Government suggests that a hearing could be scheduled for it to introduce evidence that Defendant presented his motion to prison officials within a few days of its postmark date of February 23, 2012, well after the expiration of the limitations period. Doc. 351.

The undersigned concludes that an evidentiary hearing is unnecessary. In his reply to the Defendant's Supplemental Response, Defendant states that he did not use the Coleman special mail or legal mail prison mailing system to mail his motion to vacate. Doc. 357 at 5. Defendant states that he instead utilized the general correspondence mail depository prison mailing system in his housing unit. *Id*.

The Rules Governing Section 2255 Proceedings govern whether Petitioner's initial mailing was timely. *See Michel v. United States*, 519 F.3d 1267, 1272 (11th Cir. 2008).  Rule 3(d), Rules Governing Section 2255 Proceedings, incorporates the "mailbox rule," conditioned, however, on the inmate using the institution's prescribed legal mail system, if one is available.  Rule 3(d) provides that "a paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule."

The Government's Supplemental Response establishes that FCC Coleman has a special or legal mail system available to inmates, which, if utilized, results in the mail being dated and stamped with a statement reflecting that the mail was processed through special mailing procedures.   The envelope containing Defendant's motion bore no such marks.   Moreover, Defendant concedes that he did not comply with Rule 3(d). Rather, by his own admission, he used the prison's general correspondence mailing system.  Doc. 357.  Accordingly, he does not receive the benefit of the mailbox rule, as incorporated into Rule 3(d), Rules Governing Section 2255 Proceedings. *See Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001) (in context of Rule 4(c)(1), Fed.R.App.P., if "a prison maintains two internal mail systems, one for regular mail and another for legal mail, the prisoner gains the benefit of the mailbox rule only if he deposits his notice of appeal in the system designed for legal mail."); *United States v. Harris, 333 Fed. Appx. 720* (4th Cir. 2009) (same); *Price v. Philpot,* 420 F.3d 1158, 1165 (10th Cir. 2005) (in context of § 2254 proceeding, if "the prison has a legal mailing system, then the prisoner must use it as the means of proving compliance with the mailbox rule.").

Accordingly, the undersigned concludes that the instant motion to vacate, Doc. 333, is untimely.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 344, be **GRANTED**, that the motion to vacate, Doc. 333 be **DENIED**, and that a COA be **DENIED.**

**IN CHAMBERS** this 11th day of December 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.