IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.                                            CASE NO. 5:10cr39-RH

MARTIN RAMIREZ-RODRIGUEZ,

       Defendant.

_____/


## ORDER DENYING A SENTENCE REDUCTION

The defendant Martin Ramirez-Rodriguez has served more than 126 months on a 530-month sentence in the Bureau of Prisons. The lengthy sentence resulted from offenses involving drugs and machine guns. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." This order denies the motion as a matter of discretion based on the 18 U.S.C. § 3553(a) sentencing factors.

I

Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Until recently, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

Mr. Ramirez filed this motion more than 30 days after requesting relief from the warden. He has met the exhaustion-or-30-days requirement. And the government may have waived any contrary contention by failing to respond to Mr. Ramirez's motion as required by Local Rule 7.1.

II

The governing statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also allows a reduction for a defendant over age 70 who meets other criteria, but Mr. Ramirez is age 37; he does not seek relief based on the over-70 provision.

The covid-19 pandemic is an extraordinary and compelling reason to reduce a sentence, if not for any defendant then at least for a defendant who is at heightened risk from the disease. *See, e.g.*, *United States v. McKinney*, No. 4:04-cr-3-RH (N.D. Fla. Sept. 21, 2020); *United States v. Mize*, No. 5:15-cr-25-RH (N.D. Fla. Nov. 1, 2020); *United States v. Ransom*, No. 4:10-cr-54-RH (N.D. Fla. Sept. 21, 2020). The government in this district ordinarily has acknowledged that a defendant at heightened risk is eligible for a reduction. *See, e.g.*, *United States v.Mize*, No. 5:15-cr-25-RH, Government's Resp. to Def.'s Mot. for Compassionate Release, ECF No. 327 at 3; *see also United States v. Ransom*, No. 4:10-cr-54-RH at 5 (N.D. Fla. Sept. 21, 2020) (noting the government's inconsistent approach). That a sentence is abnormally harsh or out of line with current standards also may be an extraordinary and compelling reason to reduce the sentence. *See, e.g.*, *United States v. Cotrell*, No. 4:01-cr-11-RH (N.D. Fla. Dec. 1, 2020).

That a defendant is *eligible* for a reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable.

Mr. Ramirez's offenses of conviction were conspiracy to export machine guns (count 1), conspiracy to possess and transfer machine guns (count 2), conspiracy to distribute and possess with intent to distribute 5 kilograms or more of

cocaine and 500 grams or more of methamphetamine (count 6), possessing a machine gun in furtherance of the count 6 drug trafficking crime in violation of 18 U.S.C. § 924(c) (count 7), and unlawful reentry after deportation (count 10). The minimum mandatory sentence on the count 6 drug offense was 10 years. The minimum mandatory sentence on count 7, the § 924(c) offense, was 30 years consecutive to any other sentence. So the combined minimum mandatory sentence was 40 years. Mr. Ramirez asserts that if sentenced today he would face a minimum mandatory of only 10 years, but that is incorrect. The minimum mandatory today would still be the same—40 years or 480 months.

Based on the entire record, including the presentence report, I conclude as a matter of discretion that Mr. Ramirez's sentence should not be reduced at this time. Mr. Ramirez's offenses, including those involving machine guns, warrant a sentence substantially longer than Mr. Ramirez has served or will have served when the risk of covid-19 subsides. A reduced sentence allowing release during the pandemic would not be sufficient to meet the § 3553(a) sentencing factors.

III

For these reasons,

IT IS ORDERED:

1. Mr. Ramirez's motion for a sentence reduction, ECF No. 441, is denied.

2. The clerk must provide copies of this order to Mr. Ramirez himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on December 21, 2020.

s/Robert L. Hinkle<br>
United States District Judge